UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

United States of America,

Appellee,

v.

Nikolai Iakunin,

Appellant.

No. 1:26-cr-00147-KES-1

ORDER GRANTING EXTENTION OF TIME, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR COPY OF RECORD AT GOVERNMENT EXPENSE, AND DENYING MOTION FOR PERMISSION TO ELECTRONICALLY FILE

Docs. 2, 3, 4, 5, 7

Nikolai Iakunin, proceeding pro se, appeals from the judgement of conviction imposed by a United States Magistrate Judge on August 5, 2026, pursuant to Federal Rule of Criminal Procedure 58(g)(2). Doc. 1.

First, on August 21, 2026, appellant filed a motion for an extension of time to file a notice of appeal. Doc. 2. The government has not filed an opposition to the motion. Under Rule 45(b), "the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1), (B). "Rule 45(b) give a court discretion, with good cause shown, to extend the time limits after the time expires under Rule 58(g)(2) if it finds the party failed to act because of excusable neglect." *United States of America v. Arambula*, 351 F.R.D. 414, 416 (N.D. Cal. 2026).

To determine whether a party has failed to act because of excusable neglect, courts consider the four factors set out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The factors are: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delaying, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395). Here, as the delay was not prejudicial, the length of the delay was minor, appellant has provided a reasonable explanation for the delay, and appellant's conduct was in good faith, granting the deadline extension is appropriate. Accordingly, appellant's motion for an extension of time to file the notice of appeal is granted.

Second, appellant filed an application to proceed on appeal without prepaying fees or costs under 28 U.S.C. § 1915.[1] Doc. 3. "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc Sec.*, No 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services as a guidepost in evaluating in forma pauperis applications. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018). For a family or household of three, the 2026 poverty guideline is $27,320. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Programs*, available at https://aspe.hhs.gov/poverty-guidelines (last visited September 28, 2026).

Having considered appellant's application, the Court finds that he has not made the

[1] The Ninth Circuit has held that 28 U.S.C. § 1915(a)(1) applies to all applicants for in forma pauperis status, both prisoners and non-prisoners. *Hymas v. United States DOI*, 73 F.4th 763, 767 (9th Cir. 2023) ("[N]otwithstanding the carve-out for prisoners, the portion of the IFP statute authorizing courts to waive fees for persons 'unable to pay' remains largely unchanged from the previous version. The [Prison Litigation Reform Act] therefore did not alter the courts' discretion regarding filing fees as to *non*-prisoners." (emphasis in original)); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (certain provisions of § 1915 apply to non-prisoner litigants).

requisite showing that he is unable to pay the required fees for this action. Appellant's estimated household annual income is more than double the federal poverty guideline for a household of three. Based on his application, appellant is able to pay the filing fee while also providing for the necessities of life. Accordingly, the application to proceed on appeal without prepaying fees is denied.

Third, appellant filed a motion for a copy of the record of the bench trial and sentencing proceedings at the government's expense. Doc. 4. Under Rule 58(g)(2)(C), "[f]or purposes of the appeal, a copy of the record of the proceedings must be made available to a defendant who establishes by affidavit an inability to pay or give security for the record." Fed. R. Crim. P. 58(g)(2)(C). As appellant has not made the requisite showing of his inability to pay for the record, the request is denied.

Fourth, appellant filed a motion for permission to electronically file. Doc. 5. Under Local Rule 133, "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2). In this district, pro se parties are typically required to file pleadings in paper; absent a showing of good cause, pro se parties may not file electronically. Appellant states that "[e]lectronic filing and service would reduce mailing delay, particularly during this appeal where filing periods may be short." Doc. 5 at 1. But appellant has been able to file the current motions pending before the Court through a permissible paper filing method. Appellant has not established good cause for an exception to the filing rules. *See Forte v. Hughes*, No. 1:13-cv-01980-LJO-SMS, 2014 WL 12921241, at *2 (E.D. Cal. Jan. 22, 2014) (denying plaintiff's motion for reconsideration of prior order denying permission for electronic filing on basis of personal convenience). Appellant's request to file electronically is denied.

Fifth, appellant filed a motion to accept his late conditional transcript request. Doc. 7. According to the briefing schedule, appellant had fourteen (14) days from the filing of the notice of appeal to order an official transcript or file a certificate stating that no transcript will be ordered. *See* Doc. 6 at 1. Appellant requested that if the motion for the preparation of the record at the government's expense was denied, appellant may "file a certificate stating that no transcript

will be ordered, or otherwise proceed without a transcript as directed by the Court." Doc. 7 at 3. As such, appellant may proceed without a transcript of the record in accordance with the adjusted briefing schedule deadlines set out below.

Accordingly,

1. The motion for extension of time to file the notice of appeal, Doc. 2, is GRANTED;
2. The motion to proceed on appeal in forma pauperis, without prepaying fees or costs, Doc. 3, is DENIED;
3. The motion for a copy of the record of proceedings at government's expense, Doc. 4, is DENIED;
4. The motion for permission to electronically file, Doc. 5, is DENIED;
5. The motion to accept appellant's late conditional transcript request, Doc. 7, is GRANTED in part;
6. Appellant SHALL pay the $41.00 filing fee within twenty-one (21) days of the date of service of this order, and if appellant fails to pay the filing fee within the specified time, this action will be dismissed without further notice; and
7. The briefing schedule will be adjusted to the following:
   a. Appellant's brief shall be served and filed within twenty-one (21) after service of this order;
   b. Appellee's brief shall be served and filed within twenty-one (21) days after the filing and service of appellant's brief; and
   c. Appellant may serve and file a reply brief within fourteen (14) days after service of appellee's brief.

IT IS SO ORDERED.

Dated: October 6, 2026

UNITED STATES DISTRICT JUDGE